INHABITANTS OF BOOTHBAY *vs.* BENJAMIN P. GILES *et als.*

*Collector's bond—liability thereon.*

No action can be maintained upon a collector's bond by merely showing his failure to account and the commitment to him of the tax lists and warrant, if the latter directs an exemption from distress of property not exempt by statute. The plaintiffs must go further, in such case, and prove an actual reception of money for taxes by the collector, and not accounted for by him, or they will fail in their action.

ON REPORT.

DEBT, upon three bonds, given by Mr. Giles as collector of Boothbay for 1866, 1867, and 1868, and the other defendants as his sureties. A separate action was commenced upon each bond, but they were all submitted upon one report, as the legal questions raised in each case were identical. The plaintiffs put in the proof of the defendant's (Giles') election and qualification as collector, and of the commitment of the tax lists to him, with a warrant for their collection, in which the tax payer's "animals" and "other goods and chattels exempted from attachment for debt," were exempted from distress, in addition to the articles exempt by statute, as was the case in the warrant mentioned in *Orneville* v. *Pearson*, 61 Maine, 552. The decision of the case at bar is merely a re-affirmance of *Orneville* v. *Pearson*, but is published on account of the importance of the subject and the extensive use which this defective form of warrant has obtained throughout the towns all over the state.

*A. Libbey* for the plaintiffs.

*A. P. Gould* and *J. E. Moore* for the defendants.

DANFORTH, J. These actions are upon different bonds purporting to have been given by Giles as principal, and the other defendants as sureties, to secure his fidelity as collector of taxes for the plaintiff town for the several years of 1866, 1867 and 1868. For each of those years the assessors committed to said

Giles lists of taxes with warrants of the same tenor, and similar to that considered in the case of *Orneville* v. *Pearson*, 61 Maine, 552. These commitments for the reasons given in the opinion in that case (to which we refer)—on account of the defect in the warrants—conferred upon the collector no authority, and imposed upon him no official duty. It is therefore not sufficient for the plaintiffs to make out their case to show such a commitment. They must go further and show that he had received money for which he had not accounted. *Trescott* v. *Moan*, 50 Maine, 347; *Cheshire* v. *Howland*, 13 Gray, 321 to 324.

It appears from the auditor's report that, upon this point, no other proof than that of the commitments was offered before him, and all that appears in the report comes from the other side and tends to show that all the money received has been legally accounted for. Therefore there must be in each case

*Judgment for the defendants.*

APPLETON, C. J., CUTTING, DICKERSON, BARROWS and VIRGIN, JJ., concurred.